# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ANGEL PAZ-ALVAREZ**,

    Petitioner

    v.

**UNITED STATES OF AMERICA**,

    Respondent.

Civil No. 16-1792 (PAD/BJM)

## REPORT AND RECOMMENDATION

Angel Paz-Alvarez ("Paz"), who was convicted of two crimes arising from his involvement in a drug-trafficking conspiracy, petitions for post-conviction relief under 28 U.S.C. § 2255. Paz contends that he received ineffective assistance of counsel at trial, and that his sentence should be reduced pursuant to Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2. Docket Nos. 1, 7, 14. The government opposed. Docket No. 11. This matter was referred to me for a report and recommendation. Docket No. 13.

For the reasons set forth below, the § 2255 petition should be **DENIED**.

## BACKGROUND

In September 2012, a grand jury returned an indictment against Paz and several others, charging them with "one count of conspiring to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii); and one count of conspiring to import a controlled substance, in violation of 21 U.S.C. §§ 963, 952, 960(a)(1), and 960(b)(1)(B)." *See United States* v. *Paz-Alvarez*, 799 F.3d 12, 20 (1st Cir. 2015), *cert. denied*, 136 S. Ct. 1224 (2016); D.P.R. Crim. Case No. 12-685-8, Docket No. 3 (PAD). In furtherance of the conspiracy, Paz and another co-conspirator, Luis Marrero-Marrero ("Marrero"), "built sophisticated secret compartments ('clavos') in boats designed to smuggle hundreds of kilograms of cocaine into the United States." *Id.* at 18. A jury found Paz guilty of both charges and further found that "more than 5kg of cocaine" were involved in the conspiracy. *See Paz-Alvarez*, 799 F.3d at 20, 22.

In August 2013, the district court sentenced Paz "to 292 months' imprisonment." *Id.* at 20. The court arrived at Paz's sentence by finding, under the preponderance of the evidence, that over 150 kilos of cocaine were involved in the conspiracy and that a special-skill enhancement was warranted. *See id.* at 20. Paz appealed his sentence and conviction, arguing that the district court erroneously instructed the jury on the elements of conspiracy, that the district court failed to instruct the jury to apply the beyond-a-reasonable-doubt standard to its finding on drug quantity, that there was insufficient evidence to support his conviction, and that the district court erred in applying the sentence enhancement for a special skill. *See id.* at 31. The First Circuit rejected each of those arguments, and affirmed Paz's sentence and conviction. *Id.* The Supreme Court denied Paz's petition for a writ of certiorari in February 2016, and Paz moved for post-conviction relief in April 2016.

## DISCUSSION

In his § 2255 petition, Paz assigns four errors to his trial counsel's performance, and contends that the court should reduce his sentence, pursuant to Amendment 794, for his allegedly "minor role" in the conspiracy. Docket Nos. 1, 1-1, 7, 14. Under 28 U.S.C. § 2255(a), a federal prisoner may move for post-conviction relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States . . . ." Section 2255 requires an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Moran* v. *Hogan*, 494 F.2d 1220, 1222 (1st. Cir. 1974). Under this standard, an evidentiary hearing is generally unnecessary and the § 2255 petition may be summarily denied when the petition is facially inadequate—that is—where the petition states "grounds for relief not cognizable at all under § 2255" or where the petition contains "only 'bald' assertions of cognizable claims without adequate supporting factual allegations." *Id.*

I. **Ineffective Assistance of Counsel**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI. Yet, the Sixth Amendment "'does not

guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances.'" *Lema* v. *United States*, 987 F.2d 48, 51 (1st Cir. 1993) (quoting *United States* v. *Natanel*, 938 F.2d 302, 309–10 (1st Cir. 1991)). To establish a Sixth Amendment violation, a petitioner must show (1) deficient performance, meaning that counsel's performance fell below an objective standard of reasonableness; and (2) prejudice, meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *Strickland* v. *Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and a petitioner "bears a very heavy burden on an ineffective assistance claim." *Lema*, 987 F.2d at 51. A court need not address both parts of the *Strickland* test if the petitioner makes an insufficient showing on one prong. *See, e.g.*, *United States* v. *Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

Paz first faults his trial counsel for not filing a motion to dismiss the two-count indictment on grounds that there was insufficient evidence to support the charges. Docket No. 1-1 at 1–4. But it is well-settled that an "indictment returned by a legally constituted and unbiased grand jury . . . , if valid on its face, is enough to call for trial of the charge on the merits." *Costello* v. *United States*, 350 U.S. 359, 36 (1956). And, for this reason, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States* v. *Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011). Because Paz does not suggest that the *allegations* in the two-count indictment were in any way deficient, the court should not find that his trial counsel's conduct fell below an objective standard of reasonableness when he did not file a motion to dismiss that likely would have failed. *See, e.g.*, *Guerrier*, 669 F.3d at 4. For this same reason, Paz cannot establish "prejudice" resulting from his trial attorney's decision not to file the motion.

Moreover, Paz challenged the sufficiency of the evidence to support the charges on direct appeal. *See Paz-Alvarez*, 799 F.3d at 25–26. The First Circuit rejected Paz's

challenge, finding "ample evidence" to support the charges in the two-count indictment. *See id.* at 26. This conclusion, which was made by the First Circuit on direct appeal, is not subject to collateral attack via Paz's § 2255 petition. *See Murchu* v. *United States*, 926 F.2d 50, 55 (1st Cir. 1991) ("'Issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion.'") (quoting *Dirring* v. *United States*, 370 F.2d 862, 864 (1st Cir. 1967)). Because the First Circuit found "ample evidence" to support the charges, Paz's counsel could have reasonably believed during the district-court proceedings that a motion to dismiss for lack of evidence would have likely failed. *See Paz-Alvarez*, 799 F.3d at 26. Thus, the court should reject Paz's first ineffective-assistance-of-counsel claim.

Paz next asserts that his counsel should have filed a motion to dismiss the charges on grounds that the prosecution violated the Speedy Trial Act (the "STA"). Docket No. 1-1 at 4–5. The STA *generally* requires that a defendant who has pled not guilty be tried within 70 days of indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). Not every day that passes, however, counts toward the Act's 70-day limit—as several types of delays between indictment or appearance and trial are excluded from the computation of elapsed time. *See* 18 U.S.C. § 3161(h). For example, the Act excludes delays that stem from "other proceedings concerning the defendant," a category that includes, among others, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); and "delay reasonably attributable to any period, not to exceed 30 days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* § 3161(h)(1)(H).

In this case, Paz underscores that over 200 days elapsed between the time he was indicted and the time when his trial commenced. Docket No. 1-1 at 4. Paz has made no effort, however, to show that any of this delay was not excludable under the STA. *See* 18 U.S.C. § 3162(a)(2) ("defendant shall have the burden of proof of supporting" a motion alleging an STA violation). While the government acknowledges that over 200 days

elapsed between Paz's indictment and his trial, the government contends that Paz's argument is conclusory and thus waived, and that there was no STA violation because portions of this delay were excludable under the statute. Docket No. 11 at 7–8. Paz has not responded to this argument in his reply brief, *see* Docket No. 14, and his failure to do so, together with his conclusory allegation that the STA has been violated, should lead this court to deem this argument waived. *See Moran*, 494 F.2d at 1222 ("'bald' assertions of cognizable claims without adequate supporting factual allegations" may be summarily dismissed); *United States* v. *Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge[.]"); *United States* v. *Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Additionally, even assuming for argument's sake that Paz had shown an STA violation, the court should further reject the second ground alleged in his § 2255 petition because Paz has failed to show that the indictment would have been dismissed *with* prejudice rather than without. When the court dismisses a charge due to a violation of the STA, the court may do so with or without prejudice after "consider[ing], among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *United States* v. *Worthy*, 772 F.3d 42, 46 (1st Cir. 2014).

Paz's failure to show prejudice resulting from an STA violation—assuming *arguendo* that such a violation occurred—is particularly significant because "courts that have assessed whether counsel rendered ineffective assistance by failing to move to dismiss under the STA have indicated that a defendant cannot establish prejudice simply by showing that the STA was violated or by showing that the district court likely would have dismissed without prejudice." *See United States* v. *Rushin*, 642 F.3d 1299, 1312 (10th Cir.

2011) (collecting circuit court cases). And in *McAuliffe* v. *United States*, 514 F. App'x 542, 546–47 (6th Cir. 2013), the Sixth Circuit affirmed the district court's denial of a § 2255 petition where the petitioner had "not even argued that—taking into consideration the" three factors detailed above—"his case would require dismissal with prejudice." The reasoning of cases like *Rushin* and *McAuliffe* is apposite to the circumstances here, and therefore this court should reject Paz's second ineffective-assistance-of-counsel claim.

Paz assigns a third error to his trial counsel's performance: he alleges, in a motion filed under penalty of perjury, that while he "kept advising his trial attorney" that he wanted to testify, his trial counsel ultimately failed to put Paz on the stand. Docket No. 1 at 11, 15. In *Siciliano* v. *Vose*, 834 F.2d 29 (1st Cir. 1987) (Breyer, J.), the First Circuit held that the petitioner did not proffer factual allegations "strong enough to require a hearing" where, among other things, the petitioner filed an affidavit that "allege[d], in conclusory fashion, that his attorney refused to allow him to 'testify in [his] own behalf.'" *Id.* at 30; *see also Underwood* v. *Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991) (a "barebones assertion" that a defendant's attorney would not let him testify is "too facile a tactic to be allowed to succeed"; greater particularity and some substantiation are necessary).

As in *Siciliano*, the court should reject the third ground raised in Paz's § 2255 petition because a petitioner's own conclusory allegation "that his attorney prevented him from taking the stand" is "insufficient, without more, to require the district court to hold an evidentiary hearing." *See Espinosa-Sanchez* v. *United States*, 79 F.3d 1136 (1st Cir. 1996) (court cited *Siciliano* for the proposition that "an affidavit that states only that counsel refused to allow defendant to testify on his own behalf is insufficient to establish defendant's entitlement to a hearing on his habeas corpus petition"); *Vega-Encarnacion* v. *United States*, 993 F.2d 1531 (1st Cir. 1993) ("We question . . . whether the bare allegation that counsel would not let appellant testify is sufficient, without more, to satisfy the first prong of *Strickland*."); *United States* v. *Donlon*, 976 F.2d 724 (1st Cir. 1992) (First Circuit affirmed denial of § 2255 petition where petitioner filed "affidavit" stating "that his

attorney 'insisted' that he not testify, and that he himself 'insisted' that he wanted to testify"). Thus, the court should reject Paz's third ineffective-assistance-of-counsel claim.

Paz assigns a fourth and final error to his trial counsel's performance. Docket No. 1-1 at 12. He argues that the district court erred under *Alleyne* v. *United States*, ––– U.S. –––––, 133 S. Ct. 2151 (2013), and *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), and that his counsel should have objected to the court's instructions to the jury as to the quantity of drugs for which he was responsible. Docket No. 1-1 at 8. "Under *Alleyne*, the operative question for a drug conspiracy is whether it is the *individualized* drug quantity that is a 'fact that increases the mandatory minimum' sentence." *United States* v. *Pizarro*, 772 F.3d 284, 292 (1st Cir. 2014) (quoting *Alleyne*, 133 S. Ct. at 21550). The First Circuit has held "that a mandatory minimum 'is made *potentially* available by a finding that the conspiracy as a whole handled (or at least contemplated) the necessary triggering amount,' but a mandatory minimum 'cannot be applied in [a particular coconspirator's] case without an individualized finding that the triggering amount was attributable to, or foreseeable by, him.'" *Pizarro*, 772 F.3d at 292 (quoting *United States* v. *Colón–Solís*, 354 F.3d 101, 103 (1st Cir. 2004)).

And "following the Supreme Court's decision in *Alleyne*, the drug quantity that triggers the mandatory minimum for a 21 U.S.C. § 846 conspiracy, like the drug quantity that triggers the statutory maximum under *Apprendi*, must now be found by a jury beyond a reasonable doubt." *Pizarro*, 772 F.3d at 292. "But, those quantities serve different purposes: while it is the conspiracy-wide quantity that governs the statutory maximum . . . , it is the individualized quantity, i.e., the quantity that is foreseeable to the defendant, that triggers the mandatory minimum." *Id.* (internal citations omitted). "For example, for a cocaine conspiracy conviction under § 841(b)(1)(A), which imposes a mandatory minimum of ten years and a statutory maximum of life imprisonment, the jury must now find that the defendant": (1) conspired (2) knowingly or intentionally to distribute cocaine (3) in a conspiracy that involved a total of five kilograms or more of cocaine (4) "*where at*

*least five kilograms of cocaine were foreseeable to the defendant.*" See *Pizarro*, 772 F.3d at 293–94 (emphasis added).

In this case, Paz was tried before a jury prior to the Supreme Court's decision in *Alleyne*—a case that was decided in June 2013. Indeed, the jury rendered Paz's guilty verdict in May 2013. Criminal Case No. 12-685, Docket No. 253. By not acknowledging this crucial sequence of events, Paz effectively contends that his *trial* counsel should have objected to the district court's jury instructions under a principle established after the jury verdict issued. The court should reject Paz's contention for at least two reasons. As an initial matter, when Paz contended on direct appeal that the district court "fail[ed] to charge the jury with the reasonable doubt standard on an element that increased the mandatory minimum or maximum sentences," the First Circuit cited *Alleyne* and *Apprendi* and held that there was *not* "'a reasonable likelihood that the jury understood the instructions to allow conviction' without proof beyond a reasonable doubt of every element of the charged offense, *including drug quantity*." See *Paz-Alvarez*, 799 F.3d at 22–24 (emphasis added).

To the extent the foregoing finding by the First Circuit does not allay Paz's concern that he received ineffective assistance of counsel, there is a second reason for rejecting Paz's claim: faced with similar circumstances in *United States* v. *Rogers*, 599 F. App'x 850, 851 (10th Cir.), *cert. denied*, 136 S. Ct. 214 (2015), then-Judge Gorsuch rejected an argument analogous to the one Paz presses here. In *Rogers*, a petitioner sought a certificate of appealability from the Tenth Circuit after the district court dismissed his § 2255 petition. *Id.* at 850–51. Rogers claimed that his *trial* attorney rendered ineffective assistance, arguing that counsel "should have challenged his sentence on the basis of *Alleyne*." *Id.* The *Rogers* court rejected the ineffective-assistance-of-counsel argument, reasoning that "*Alleyne* wasn't decided until after Mr. Rogers's sentencing" and that "counsel does not act deficiently by failing to anticipate future legal developments." *See id.*

To be sure, Paz's petition does not allege that his *appellate* counsel erred by failing to argue that the district court committed error under *Alleyne*. *See* Docket No. 14 at 1. Nor

does Paz's petition allege that his counsel rendered ineffective assistance by failing to highlight the principle of *Alleyne* after the jury had returned a guilty verdict against him in May 2013 but before the district court sentenced him to 292 months' imprisonment in August 2013. *Id.* Accordingly, such arguments are beyond the scope of the § 2255 petition before the court and need not be considered. *See Rogers*, 599 F. App'x at 851 ("Mr. Rogers now claims his appellate counsel should have presented an *Alleyne* argument on direct appeal," but "Mr. Rogers didn't present this argument in his habeas petition or supporting brief and it was therefore forfeited."). Moreover, to the extent Paz contends an *Alleyne* error—assuming for argument's sake that one occurred—is reviewable by way of a § 2255 petition, the First Circuit has held "that the rule announced in *Alleyne* is not retroactively applicable to sentences on collateral review on an initial habeas petition."[1] *Butterworth* v. *United States*, 775 F.3d 459, 468 (1st Cir.), *cert. denied*, 135 S. Ct. 1517 (2015). Thus, the court should reject Paz's fourth and final ineffective-assistance-of-counsel claim.

## II. Amendment 794

Paz also contends that his sentence should be reduced pursuant to Amendment 794. Amendment 794 "amended the commentary to U.S.S.G. § 3B1.2—the Guidelines section that provides for a downward adjustment to the offense level if the defendant was a minimal or minor participant in the criminal activity." *United States* v. *Cobb*, — F. Supp. 3d —, 2017 WL 1209563, at *1 (E.D. Pa. Apr. 3, 2017). "Most notably, Amendment 794—which went into effect on November 1, 2015—added a list of factors that a court should consider in determining whether to decrease an individual's offense level under § 3B1.2." *Id.* "In

---

[1] Even if such claims were reviewable on collateral review, the government correctly argues that any instructional *Alleyne* error—assuming *arguendo* that such an occurred—was "harmless" because of overwhelming evidence that the conspiracy as a whole involved more than five kilograms of cocaine and because a jury would have found, under the beyond-a-reasonable-doubt standard, that this drug quantity was foreseeable to Paz when he built sophisticated clavos in boats designed to smuggle hundreds of kilograms of cocaine into the United States. *See Pizarro*, 772 F.3d at 297–98 ("'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless'") (quoting *Neder* v. *United States*, 527 U.S. 1, 17 (1999)).

short, it 'provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.'" *Id.* (citing U.S.S.G. app. C, amend. 794 (2015)).

Relying on *United States* v. *Quintero-Leyva*, 823 F.3d 519, 524 (9th Cir. 2016), Paz correctly highlights that the Ninth Circuit has held that "Amendment 794 applies retroactively to defendants whose sentences are still on direct appeal." *Cobb*, 2017 WL 1209563, at *2 n.3. And the Sixth and Eleventh Circuits have similarly so held. *See id.* "But, as many district courts have recognized, those holdings are limited to such defendants; Amendment 794 is not retroactive as to individuals seeking collateral relief." *Id.* (citing 10 district court cases). Indeed, a district judge sitting in this court recently arrived at the conclusion reached by other district courts. *See Shepard-Fraser* v. *United States*, No. CR 09-113, 2017 WL 1386333, at *2 (D.P.R. Apr. 18, 2017). Thus, because Paz's argument under Amendment 794 is not cognizable by way of a § 2255 petition, the court should reject that argument. And because none of Paz's grounds for post-conviction relief have merit, the court should ultimately deny Paz's § 2255 petition.

## CONCLUSION

For the foregoing reasons, the § 2255 petition should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas* v. *Arn*, 474 U.S. 140, 155 (1985); *Davet* v. *Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co.* v. *Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden* v. *Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 25th day of April 2017.

                                            *S/ Bruce J. McGiverin*
                                            BRUCE J. MCGIVERIN
                                            United States Magistrate Judge