**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ÁNGEL PAZ-ÁLVAREZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL NO. 16-1792 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

This is a Section 2255 challenge to a conviction, which the court denied on May 10, 2017 (Docket No. 18). On April 27, 2018, it held a hearing to discuss additional arguments petitioner raised in support of the petition (Docket No. 42). In the end, the court reiterated its ruling, stating that a Memorandum and Order would follow.

## I. BACKGROUND

On May 10, 2013, petitioner was found guilty as charged (Docket No. 253 of Crim. No. 12-685(8)). On August 9, 2013, he was sentenced to 296 months of imprisonment, five years of supervised release, forfeiture and payment of a special monetary assessment (Docket Nos. 372 and 373 of Crim. No. 12-685(8)).[1] On August 19, 2013, he appealed the conviction to the First Circuit (Docket No. 378 of Crim. No. 12-685(8)), which on August 21, 2015, affirmed the conviction (Docket No. 623 of Crim. No. 12-685(8)).[2] On January 8, 2016, he filed a certiorari petition with the Supreme Court, which denied it on February 29, 2016.

---

[1] The sentence was later reduced to 235 months (Docket No. 650 of Crim. No. 12-685(8)).

[2] See United States v. Paz-Álvarez, 799 F.3d 12, 20 (1st Cir. 2015), *cert. denied*, 136 S.Ct. 1224 (2016).

On December 12, 2016, petitioner filed the captioned petition (Docket No. 1),[3] which the court referred to a U.S. Magistrate Judge for a Report and Recommendation ("R&R") (Docket No. 12). An R&R was issued (Docket No. 17), which the court adopted, denying the petition (Docket No. 18). In the meantime, petitioner filed several *pro se* motions, including a request for a hearing (Docket Nos. 22-27).[4] The court ordered the government to respond to the motions (Docket No. 29); appointed attorney Emilio F. Morris-Rosa to represent petitioner; set a Hearing for April 27, 2018 (Docket No. 34); and ordered the U.S. Marshals Service to bring petitioner back to the jurisdiction for the Hearing (Docket No. 29).

## II.     DISCUSSION

### A. Pending Petition

The hearing was held as scheduled (Docket No. 41). Attorney Raymond Rivera, petitioner's counsel in the underlying criminal case, was not present at the hearing and failed to appear via telephone conference despite having confirmed his availability to participate in the hearing over the phone (Docket No. 42). Several attempts to contact him were made prior to calling the case, to no avail. Id. Petitioner, however, was accompanied and represented by court-appointed counsel Morris, who explained to the court the steps he took to provide proper representation to petitioner and prepare him for the hearing. Id.[5]

---

[3] Basically, petitioner contends he received ineffective assistance of counsel at trial and claims his sentence should be reduced pursuant to Amendment 794 (Docket Nos. 1, 7, and 14).

[4] As the court explained for the record at the Civil Hearing, petitioner timely objected to the R&R, but his objections were lately docketed by the Clerk's Office, and the materials backdated. See, Docket No. 29 and Transcript of the Civil Hearing held on April 27, 2019 at p. 2. Thus, ultimately the court considered the objections timely filed. Id.

[5] Petitioner was also assisted by a Court Interpreter (Docket No. 42).

The hearing lasted 1.5 hours, during which petitioner personally presented arguments in support of his petition and of his objections to the R&R. He reiterated that the attorney who represented him in the criminal case was ineffective, and that petitioner's actions of making secret compartments in boats that could hide drugs were not illegal. He stated he could have been charged with a lesser-included violation and pled guilty to the lesser included offense. See, Transcript of the Civil Hearing held before the undersigned on April 27, 2019 ("Transcript") at pp. 5-7.[6] Also, he added a new ground in support of the petition, seeking authorization to file a successive petition based on his view that the attorney who represented him in the criminal case should have negotiated a specific plea agreement that would have resulted in a lower sentence. See, Transcript at p. 6-7. The government responded to all of the arguments.

The court ruled on all pending motions, reiterating its decision to deny the petition (Docket No. 42 at p. 2). Id.[7] Nevertheless, in the process of drafting this Memorandum and Order it considered the record anew, including all filings, petitioner's testimony at the hearing and the government's arguments therein. But none of the arguments petitioner raised leads the court to deviate from its previous decision at Docket No. 18. See, Transcript at pp. 16-19. Accordingly, the decision to deny petitioner's Section 2255 petition STANDS.

---

[6] District Judges have Court Reporters as part of their staff when presiding over the different proceedings held before them. Among other responsibilities listed in 28 U.S.C. § 753, reporters are responsible for promptly transcribing, when requested, the original record of all proceedings held before the judge and prepare and file a certified transcript of the same. The transcript is available, following applicable rules and regulations, to parties who have arranged payment. And it is also available at the request of a judge, at no charge to the court. District Judges have access to the rough drafts of the transcripts before a formal request is made by any interested party, or the transcript is filed for the record in the court.

[7] At a side bar, attorney Morris explained he was going to meet with the defendant to discuss the result of the hearing and the remedies available thereafter. He advanced, however, that he was going to move to withdraw as counsel immediately thereafter as he does not have the required knowledge and skills to represent Mr. Paz in any appellate procedure. An Informative Motion with the results of said conversation was filed by Mr. Morris at Docket Nos. 45 and 46. Petitioner has filed two motions requesting status, which are hereby NOTED (Docket Nos. 49 and 51).

### B. Successive Petition

Likewise, petitioner's request to file a second or successive habeas petition must be denied. First, a federal prisoner seeking to file a second or successive Section 2255 petition must obtain authorization from the court of appeals. See, 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Bucci v. United States, 809 F.3d 23, 25 (1st Cir. 2015). Petitioner already filed an application for permission to file a second or successive petition based on newly discovered evidence, which the First Circuit denied. See, Criminal No. 12-685(8) at Docket No. 684.

Second, a somewhat flexible reading of the pleadings petitioner filed could suggest that he included the argument that his attorney was ineffective in not challenging the government's decision not to charge him with a lesser included offense. See, Docket No. 22 (*pro se* motion alleging that the government failed to allege in the indictment that he was making secret compartment on sea vessels/boats to conceal cocaine and controlled substances); and, Docket No. 24 (*pro se* motion claiming the government failed to allege that he was making secret compartments on sea vessels/boats in violation of a federal state). That argument does not, however, take petitioner very far, as it is up to the government to decide whether to prosecute and what charges to bring. Thus, a party cannot claim his attorney in the criminal case was ineffective in not challenging the government's decision not to charge him with a lesser-included offense.

Yet, that is not the case with respect to the newly-raised contention that the attorney should have negotiated a specific plea agreement that would have resulted in a lower sentence. For that, petitioner must obtain authorization from the First Circuit, as that contention was not included in any of the Section 2255 submissions.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 (a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The court may issue a certificate of appealability upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c) (2). No such showing has been made here. Thus, the court will not issue a Certificate of Appealability. The Clerk is instructed to notify petitioner with copy of this Memorandum and Order accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of November, 2019.

                                             s/Pedro A. Delgado-Hernández
                                             PEDRO A. DELGADO-HERNÁNDEZ
                                             United States District Judge